# IN THE COURT OF APPEALS OF IOWA

No. 23-0247
Filed May 8, 2024

**DAMION JOHN SEATS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

In August 2008, Isidoro Cervantes Erreguin was shot and killed while sleeping on a couch in Mason City. *See State v. Seats*, No. 09-1687, 2010 WL 5050571, at *1 (Iowa Ct. App. Dec. 8, 2010). After the shooting, Damion Seats made admissions and eventually confessed to police. *Id.* Seats—then seventeen years old—told officers he thought he shot someone else but realized after the shooting he had killed "a[n] innocent person." *Id.* (alteration in original). Seats later recanted his confession and denied shooting Cervantes Erreguin. *Id.* But multiple witnesses testified to other contemporaneous incriminating statements by Seats, which corroborated his confession to police. *Id.* at *4. After change of venue to Hardin County, the jury found Seats guilty of murder in the first degree and burglary in the first degree, and we affirmed his convictions on direct appeal. *See id.* at *2, 4.

Following district court motion practice, the supreme court vacated Seats's sentence of life without parole in 2015 because he committed the crimes as a juvenile. *See State v. Seats*, 865 N.W.2d 545, 557–58 (Iowa 2015). After remand, the district court sentenced Seats to life in prison with the possibility of parole.

Seats applied for postconviction relief, lodging a variety of claims. The issues tried centered on his trial counsel's decision-making, including withdrawing a motion to suppress, not raising an issue related to jury composition, and not objecting to alleged prosecutorial misconduct. The parties submitted the case to the postconviction court on a stipulated record, and the court denied relief. Seats appeals, challenging only the suppression and jury-composition issues.

We review ineffective-assistance claims de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A postconviction applicant claiming ineffective assistance must prove both (1) counsel's performance fell below reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *Id.* at 687–88, 694.

Seats first asserts trial counsel was ineffective for withdrawing a motion to suppress the confession he made to police. He relies on Iowa Code section 232.11 (2008), which generally regulates the right to counsel and its waiver by juvenile offenders for offenses within the jurisdiction of the juvenile court. But both the supreme court and our court have held that code section does not apply to sixteen- or seventeen-year-olds who are detained or arrested on suspicion of forcible felonies. *See State v. Hajtic*, 724 N.W.2d 449, 452 (Iowa 2006); *State v. Harris*, 589 N.W.2d 239, 244 (Iowa 1999); *State v. Williams*, No. 18-2081, 2021 WL 593992, at *7 (Iowa Ct. App. Feb. 3, 2021); *see* Iowa Code § 232.8(1)(c) (excluding from juvenile court jurisdiction "violations which constitute a forcible felony"). Seats was seventeen years old when he was detained and arrested for two forcible felonies: murder in the first degree and burglary in the first degree. *See* Iowa Code § 702.11 (defining "forcible felony"). We agree with the postconviction court that section 232.11 does not apply, a motion to suppress on

this basis was meritless, and Seats cannot prove breach or prejudice under *Strickland*.

To the extent Seats attempts to raise an issue related to the voluntariness of his confession, that issue was not decided by the postconviction court, and we cannot reach it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). And to the extent Seats urges trial counsel should have urged *Hajtic* and *Harris* be revisited or overruled, that challenge is similarly unpreserved, and we would not be able to act on it in any event. *See id.*; *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Seats's last challenge focuses on the number of African American jurors in the pool before his trial. But the jury-composition cases he relies on were decided after his direct appeal and are not retroactive. *See Thongvanh v. State*, 938 N.W.2d 2, 14 (Iowa 2020) (holding *State v. Plain*, 898 N.W.2d 801 (Iowa 2017) was not retroactive). And even if Seats somehow got the benefit of the new decisions, he concedes the jury pool's composition fell within one standard deviation of Hardin County's African American population, so the claim fails under the new case law. *See State v. Lilly*, 930 N.W.2d 293, 304 (Iowa 2019). Seats urges "[t]he standard deviation approach should be revisited and scrutinized." But he offers no argument for why trial counsel had a duty to forecast such a change in the law. And, as with his suppression argument, only the supreme court can act on a challenge seeking to overturn its controlling decisions. *See Beck*, 854 N.W.2d at 64.

**AFFIRMED.**